# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

JAMES KARANDREAS,

    Plaintiff,

v.                                                  Case No: 6:18-cv-1411-Orl-40TBS

LOANCARE, LLC,

    Defendant.
_____/

## ORDER

This cause comes before the Court without oral argument on Defendant Loancare, LLC's, Motion to Dismiss (Doc. 12) and Plaintiff's Response in Opposition (Doc. 15). With briefing complete, the motion is ripe. Upon consideration, the motion is due to be denied.

## I.   BACKGROUND[1]

Plaintiff James Karandreas brings this action against Defendant Loancare, LLC, for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("**TCPA**") and the Florida Consumer Collection Practices Act ("**FCCPA**"). (Doc. 1).

The Complaint alleges that Defendant "intentionally, knowingly and/or willfully harassed and abused Plaintiff" by frequently calling his cell phone over the last four years to collect an alleged debt. (*Id.* ¶¶ 19, 22). Plaintiff maintains that Defendant's calls used

---

[1] This account of the facts comes from the Complaint. (Doc. 1). The Court accepts these factual allegations as true when considering motions to dismiss. *See Williams v. Bd. of Regents*, 477 F.3d 1282, 1291 (11th Cir. 2007).

an artificial or prerecorded voice and alleges "upon information and belief" that the calls were placed using an automatic telephone dialing system ("**ATDS**"). (*Id.* ¶¶ 20–21).[2]

Plaintiff instructed Defendant's agents on multiple occasions to stop calling. (*Id.* ¶ 24). On March 28, 2017, Plaintiff called Defendant to request the calls stop and "unequivocally revok[e] any previously perceived expressed consent to be called" by Defendant. (*Id.* ¶ 25). Notwithstanding, Defendant continued calling Plaintiff regularly after that date. (*Id.* ¶ 31).

Based on these facts, Plaintiff filed the Complaint, alleging violations of the TCPA and FCCPA. (*Id.* at p. 9). Defendant moves to dismiss. (Doc. 12).

## II.     STANDARD OF REVIEW

To survive a motion to dismiss made pursuant to Rule 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions and recitation of a claim's elements are properly disregarded, and courts are "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Courts must also view the complaint in the light most favorable to the plaintiff and must resolve any doubts as to the sufficiency of the complaint in the plaintiff's favor. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994) (per curiam). In sum, courts must (1) ignore conclusory allegations, bald legal assertions,

---

[2]  The caller identification feature of Plaintiff's cell phone identified the following caller phone number: 800-909-9525. (*Id.* ¶ 23).

2

and formulaic recitations of the elements of a claim; (2) accept well-pled factual allegations as true; and (3) view well-pled allegations in the light most favorable to the plaintiff. *Iqbal*, 556 U.S. at 67.

## III. DISCUSSION

### A. TCPA Claim

Defendant argues the Complaint fails to allege that Defendant called Plaintiff using an ATDS (that is, a telephone system that generates random or sequential numbers), which Defendant contends is a prerequisite to TCPA liability. (*Id.* at pp. 5–13).

The TCPA makes it "unlawful . . . to make any call . . . using any automatic telephone dialing system [ATDS] *or* an artificial or prerecorded voice to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii) (emphasis added). The statute defines ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." *Id.* § 227(a)(1).

Defendant strenuously argues that calls from a so-called "predictive dialer"[3] do not violate the TCPA because the definition of ATDS excludes predictive dialers post-*ACA International*. (Doc. 12, pp. 5–13). In *Gonzalez v. Ocwen Loan Servicing*, No. 5:18-cv-340, 2018 WL 4217065 (M.D. Fla. Sept. 5, 2018), a case cited heavily by Defendant, a judge in this district had occasion to define the statutory term ATDS in light of *ACA International*:

> [T]he definition of an ATDS *would not include* a predictive dialer that lacks the capacity to generate random or sequential telephone numbers and dial

---

[3] "Predictive dialers" are "equipment that can dial automatically from a given list of telephone numbers using algorithms to predict 'when a sales agent will be available....'" *ACA Int'l v. FCC*, 885 F.3d 687, 694 (D.C. Cir. 2018).

3

them; but it *would include* a predictive dialer that has that capacity. And because the D.C. Circuit determined that interpreting capacity to mean a device with a "future possibility" of having those functions is too expansive, this Court considers a device to have the capacity to generate random or sequential telephone numbers only if the device has the "present ability" to do so.

*Gonzalez*, 2018 WL 4217065, at *6. The *Gonzalez* court also refuted one of the central premises of Defendant's motion, finding that "it is possible for a device to be a predictive dialer and have the capacity to generate random or sequential telephone numbers and dial them," and therefore a predictive dialer may well fit the statutory definition of ATDS. *Id.*[4] This Court agrees.

In short, the Complaint states a plausible TCPA claim. Plaintiff alleged both that Defendant used an ATDS and an artificial or prerecorded voice while calling him. (Doc. 1, ¶¶ 20–21). These allegations are sufficient to fend off Defendant's dismissal motion. *See Gonzalez*, 2018 WL 4217065, at *7; *Sessions v. Barclays Bank Del.*, 317 F. Supp. 3d 1208, 1213 (N.D. Ga. 2018).

### B. FCCPA Claim

The Court next turns to Plaintiff's FCCPA claim, which Defendant moves to dismiss under Rule 12(b)(6) and the statute of limitations. (Doc. 12).[5] The Court finds that the Complaint states a plausible FCCPA claim.

---

[4] It is worth noting that Defendant selectively cites favorable dicta from *Gonzalez*, while avoiding its holding under cover of a footnote. (Doc. 12, p. 8 n.3 ("LoanCare respectfully disagrees with Judge Moody's conclusion . . . .")). The Court is not taken with Defense counsel's apparent strategy of stitching together helpful principles and discarding inconvenient ones that he "disagrees with."

[5] Defendant also moves to dismiss the FCCPA claim for want of subject matter jurisdiction, assuming the TCPA claim would be dismissed for failure to state a claim. (Doc. 12, p. 14). Because the TCPA claim was sustained, the Court need not consider this argument. *See Gonzalez*, 2018 WL 4217065, at *7.

The Complaint alleges that Defendant violated the FCCPA (Fla. Stat. § 559.72(7)) by calling "with such frequency as can reasonably be expected to harass" and by engaging in other abusive or harassing conduct. (Doc. 1, ¶¶ 58–59). In support, the Complaint alleges that Defendant called Plaintiff more than 230 times since 2016, including many calls placed after Plaintiff expressly revoked his consent to be called. (*Id.* ¶¶ 25–26, 31). Moreover, Plaintiff avers that the calls invaded his privacy, monopolized his cell phone line, wasted Plaintiff's time, impaired his phone's usefulness, drained his phone's battery, "occupied space in Plaintiff's telephone or network," constituted a trespass to chattel, and caused Plaintiff stress and aggravation. (*Id.* ¶¶ 45–52).

FCCPA § 559.72(7) claims "are construed in the same manner as claims under 15 U.S.C. § 1692d(5) of the Fair Debt Collection Practices Act." *Gonzalez*, 2018 WL 4217065, at *7. This construction requires courts to view the allegedly harassing debt collection practices "from the perspective of a consumer whose circumstances makes him relatively more susceptible to harassment, oppression, or abuse." *Id.* (quoting *Bonanno v. New Penn Fin., LLC*, No. 5:17-CV-229-OC-30PRL, 2017 WL 3219517, at *5 (M.D. Fla. July 28, 2017)). There is no definitive standard defining communication that is harassing, rather the Court must evaluate the circumstances of the specific case. *Id.*

"[C]ourts generally have held that one or two phone calls per day are not sufficient . . . absent evidence of other egregious conduct associated with the calls." *Wolhuter v. Carrington Mortg. Servs., LLC*, No. 8:15-cv-552-MSS-TBM, 2015 WL 12819153, at *3 (M.D. Fla. Oct. 28, 2015) (collecting cases). In that vein, the FCCPA is not violated where "the creditor called only to inform or remind the debtor of the debt, to determine his reasons for nonpayment, to negotiate differences or to persuade the debtor to pay without

5

litigation." *Miller v. Ginny's Inc.*, 287 F. Supp. 3d 1324, 1330. "However, if calls 'continue after all such information has been communicated and reasonable efforts at persuasion and negotiation have failed,' then the communication 'can reasonably be expected to harass the debtor' and 'tends only to exhaust the resisting debtor's will.'" *Id.* at 1330–31 (quoting *Story v. J. M. Fields, Inc.*, 343 So. 2d 675, 677 (Fla. 1st DCA 1977)).

Upon review, the Court finds that the Complaint states a plausible FCCPA claim. Plaintiff alleges that Defendant's frequent—often twice daily—calls persisted after Plaintiff called Defendant and stated, "he [Plaintiff] makes his payments on time, he is not late, the calls are harassment, and repeated [his request that Defendant] stop calling him." (Doc. 1, p. 4). After that point, Defendant's continued calls were harassing and could only serve "to exhaust [Plaintiff's] will," and were sufficient to sustain Plaintiff's FCCPA claim at the motion to dismiss stage. *See Miller's*, 287 F. Supp. 3d at 1330–31.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant Loancare, LLC's Motion to Dismiss (Doc. 12) is **DENIED**. Defendant shall answer the Complaint on or before April 10, 2019.

**DONE AND ORDERED** in Orlando, Florida on March 27, 2019.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

6